IN THE MATTER OF: THE APPEAL OF WILLIAM H. McELWEE, JR., WIL-
    LIAM H. McELWEE, III, ELIZABETH McELWEE CANNON, DOROTHY
    PLONK McELWEE AND JOHN PLONK McELWEE; R. B. JOHNSTON AND
    SONS; AND PAUL OSBORNE AND PRESLEY E. BROWN LUMBER COM-
    PANY, FROM THE VALUATION OF CERTAIN OF THEIR PROPERTIES BY
    WILKES COUNTY FOR 1977

No. 8410PTC1225

(Filed 2 July 1985)

**Taxation § 25.10— remand to Property Tax Commission—new evidence received—
    error**

> The Property Tax Commission erred by receiving new evidence in an ap-
> praisal proceeding which had been remanded to the Commission from the
> Supreme Court because the Commission's findings and conclusions were not
> supported by competent, material, and substantial evidence in view of the en-
> tire record. The property owners were entitled to a decision on the record
> before the Commission and the Court.

APPEAL by taxpayers from an Order of the North Carolina
Tax Commission entered 25 June 1984. Heard in the Court of Ap-
peals 4 June 1985.

*McElwee, McElwee, Cannon & Warden, by W. H. McElwee
and William C. Warden, Jr., for petitioner appellants.*

*Brewer and Freeman, by Paul W. Freeman, Jr., for respond-
ent appellee Wilkes County.*

JOHNSON, Judge.

Petitioners present four assignments of error challenging the
findings of fact and conclusions of law of the Property Tax Com-
mission. We decline to address these assignments of error, as we
believe the Property Tax Commission exceeded its authority by
receiving and reviewing new evidence which formed the basis of
its order.

This is the second time this case has been before the ap-
pellant courts of this state. *In re McElwee,* 51 N.C. App. 163, 275
S.E. 2d 865, *reversed,* 304 N.C. 68, 283 S.E. 2d 115 (1981). In the
previous appeal before this Court, the Court affirmed the Order
of the Tax Commission sustaining the county's appraisal of the
taxpayers' property. The Supreme Court reversed and remanded
the decisions of the Court of Appeals and the Commission holding

that the Commission's findings and conclusions were not supported by competent, material and substantial evidence in view of the entire record. In reversing and remanding the matter to the Commission, the Supreme Court did not vacate the proceedings and order new proceedings in order to give the taxing authorities a second opportunity to bolster its position with new evidence, although such evidence might have been available. The Court concluded that the property owners were entitled to a decision on the record before the Commission and before the Court. *In re McElwee, supra; see also, In re Southern Railway*, 313 N.C. 177, 328 S.E. 2d 235 (1985).

The record presently before us reveals that the Tax Commission received new evidence in the form of testimony from witnesses presented by both appellants and appellees. This procedure was error in light of the decision of the Supreme Court. Accordingly, we remand these proceedings to the Tax Commission to enter an Order based on the record before the Commission at the time of the parties' first appeal and consistent with the opinion of the Supreme Court.

Remanded.

Judges WELLS and COZORT concur.